**AIMAN-SMITH & MARCY**
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
Hallie Von Rock #233152
Brent A. Robinson #289373
Lisseth Bayona #338135
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
bar@asmlawyers.com
lb@asmlawyers.com

Attorneys for Plaintiff
John Michael Tomberlin, Jr.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| JOHN MICHAEL TOMBERLIN, JR., individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>SPORT SQUAD, INC., a Maryland corporation; and DOES 1-50,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Causes of Action:**<br>1. **False Advertising (15 U.S.C. § 1125(a) (Lanham Act));**<br>2. **Fraudulent Competition (Cal. Bus. & Profs. Code § 17200 *et seq.*);**<br>3. **Unfair, Deceptive, Untrue, and Misleading Advertising (Cal. Bus. & Profs. Code § 17500 *et seq.*);**<br>4. **Injunctive Relief for Unfair or Deceptive Consumer Practices (Cal. Civ. Code § 1750 *et seq.*); and**<br>5. **Unlawful and Unfair Competition (Cal. Bus. & Profs. Code § 17200 *et seq.*);** |

**Class Action Complaint**
*Tomberlin v. Sport Squad, Inc., et al.*                                                    Case No.

Plaintiff John Michael Tomberlin, Jr., in his individual capacity, and in his capacity as putative class representative, is informed and believes and thereupon alleges the following:

## I. INTRODUCTION

1. Plaintiff brings these claims against Defendants Sport Squad, Inc., and Does 1-50, inclusive (collectively "Defendants"), for violations of the Lanham Act (15 U.S.C. § 1125(a)); for violations of the California Unfair Competition Law ("UCL"; Cal. Bus. & Profs. Code §§ 17200, *et seq.*); for violations of the California False Advertising Statutes (Cal. Bus. & Profs. Code §§ 17500, *et seq.*); and for violations of the California Consumer Legal Remedies Act ("CLRA"; Cal. Civ. Code § 1750 *et seq.* These claims for actual damages, an award of defendants' profits deriving from their false representations, restitution, including restitutionary disgorgement, and public injunctive relief are brought as a putative class action.

2. The Plaintiff Class generally consists of all consumer purchasers of Defendants' Joola Gen 3 line of pickleball paddles that were advertised by Defendants as USA Pickleball approved and sold within the territorial jurisdiction of the United States.

3. As used herein, "Plaintiffs" includes Plaintiff and all members of the Plaintiff Class.

4. USA Pickleball is a nonprofit corporation that is the national governing body for the sport in the United States, and sets the official rules that govern tournament play and professional rankings in the sport. Use of a USA Pickleball-approved pickleball paddle is a requirement for both professional and amateur competition in USA Pickleball-sanctioned tournaments in the United States.

5. In April 2024, Defendants began to sell the Joola Gen 3 line of pickleball paddles, and advertised that line of paddles, in advertisements, on exterior packaging, and on the paddles themselves, that they were approved for tournament use by USA Pickleball.

6. In fact, Defendants had instead submitted different pickleball paddles to USA Pickleball for approval. The Joola pickleball paddles that had been actually reviewed and approved by USA Pickleball, were different from the Joola Gen 3 paddles that were actually sold to Plaintiffs and advertised to Plaintiffs as USA Pickleball-approved.

7. On May 14 and 15, 2024, Defendants informed USA Pickleball of their bait-and-switch in connection with seeking approval of the Joola 3 Gen 3 line of paddles.

8. In response, USA Pickleball promptly revoked its approval of the Joola Gen 3 line of paddles.

9. Plaintiffs have been injured by their actual reliance on Defendants' false representations that the Joola Gen 3 line of pickleball paddles they sold to the public had been approved by USA Pickleball.

10. Defendants have been unjustly enriched, and profited by their diversion of sales from competitors based on their false, misleading, and deceptive advertising of their paddles as USA Pickleball approved when in fact Defendants had not submitted those paddles to USA Pickleball, and those paddles had not been reviewed by, or approved by USA Pickleball.

11. For these injuries, Plaintiffs seek to recover their actual damages, an award of defendants' profits deriving from their false representations, restitution, including restitutionary disgorgement, and public injunctive relief, as well as interest, reasonable attorney's fees, and reasonable litigation costs (including expert-witness fees).

12. Plaintiffs seek to recover their reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); California Civil Code section 1780(e); California Code of Civil Procedure section 1021.5; and the common law doctrines of common fund, substantial benefit, private attorneys general, and the catalyst theory.

## II. PARTIES

13. Plaintiff Tomberlin is a resident of California.

14. Plaintiff Tomberlin purchased a Joola Perseus 3 from a Dick's Sporting Goods in Southern California on or around May 18, 2024, and did so in actual reliance on Defendants' representations on the packaging, paddle, and online that the paddle was USA Pickleball approved. He paid approximately $300 for the paddle.

15. Defendant Sport Squad, Inc. is a Maryland corporation, registered in and conducting business in California.

16. Plaintiffs are ignorant of the true names or capacities of defendants named herein

1 as Does 1 through 50, inclusive, and therefore sues these defendants by these fictitious names. When the names and capacities of these defendants are ascertained, Plaintiffs will amend this complaint accordingly. Each of the defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

17. At all relevant times, each of the defendants was the agent or employee of each of the remaining defendants and, in doing the things alleged herein, was acting within the course and scope of such agency or employment.

18. Each of the defendants' actions or omissions as alleged herein was ratified by each of the remaining defendants.

19. Each of the acts or omissions of a defendant's agents as alleged herein was ratified by that defendant, as well as by each of the remaining defendants.

20. As used herein, Defendants refers to Defendant Sport Squad, Inc. and Does 1-50, inclusive.

### III. JURISDICTION AND VENUE

21. This Court has jurisdiction pursuant to 28 U.S.C. § 1453.

22. Venue in this District is proper because each named Defendant has sufficient minimum contacts with this District through its distribution and sale of retail products within the district, such that each named Defendant is a "resident" of this judicial district for purposes of venue. *See*, 28 USC § 1391 at (b)(1) (c)(2). Venue is also proper in this District because a substantial portion of the acts or omissions giving rise to the liability alleged herein occurred in this District, and Plaintiff Tomberlin made the relevant individual purchase within this District. *See*, 28 USC § 1391(b)(2).

### IV. COMMON ALLEGATIONS

23. Defendants do business in the United States as "Joola" and "Joola USA.

24. Defendants offered for sale to Plaintiffs its Joola Gen 3 line of pickleball paddles.

25. Defendants represented to Plaintiffs, through advertisements made, through its packaging for the paddles at issue, and through marks placed directly on the paddles themselves, that those pickleball paddles had been approved by USA Pickleball.

26. Those representations were false.

27. Defendants knew those representations were false at the time that they made them.

28. Plaintiffs actually relied on those representations, and were deceived by those representations, in making the decision to purchase those paddles.

29. Defendants advertised those paddles in interested commerce, distributed their paddles through interstate commerce, and sold their paddles through interstate commerce.

30. Plaintiffs have suffered actual damage as a result of those false and deceptive representations, equaling the sale price of the paddles purchased.

31. Defendants have been unjustly enriched as a result, in an amount equal to the profits obtained by diverting sales from competitors to themselves as a result of their false and deceptive representations to consumers.

32. Defendants continue to sell the relevant paddles to Plaintiffs, and divert sales from competitors, as a result of their false and deceptive representations, and will continue to do so unless enjoined by this Court.

## V. CLASS ACTION ALLEGATIONS

33. Plaintiff Tomberlin brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2), and (b)(3).

34. The class that Plaintiff Tomberlin seeks to represent is defined as follows:

> All consumer purchasers of Defendants' Joola Gen 3 line of pickleball paddles that were advertised or labelled by Defendants as USA Pickleball approved and sold within the territorial jurisdiction of the United States within one year prior to the date this action is filed, and continuing through to entry of judgment in this action.

35. As set forth herein, the claims alleged may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because prosecuting separate actions by individual class members would yield inconsistent rulings that would establish incompatible

standards of conduct for Defendants; Defendants have acted or refused to act on grounds that apply generally to the class; and there is a well-defined community of interest among ascertainable class members regarding the claims asserted in this action.

36. The total number of members of the Plaintiff Class is believed to be in the thousands or even tens of thousands. Accordingly, joinder of all class members would be impractical.

37. Questions of law and fact common to the Plaintiff Class predominate over questions of law and fact affecting only individual members of the class. Said common questions of law and fact include, but are not limited to, the following:

    (a) Whether Defendants made representations to Plaintiffs;

    (b) Whether Defendants' representations were false, deceptive, or misleading;

    (c) Whether Plaintiffs purchased one or more Joola Gen 3 paddles;

    (d) Whether Plaintiffs relied on those representations or were deceived;

    (e) Whether Defendants sold and marketed the paddles at issue in interstate commerce;

    (f) Whether Defendants misrepresented the approval or certification of the relevant paddles;

    (g) Whether Defendants represented that the relevant paddles have approval that they do not have;

    (h) Whether Defendants advertised the relevant paddles with the intent not to sell them as advertised;

    (i) Whether Plaintiffs suffered actual harm;

    (j) Whether Defendants profited by diverting sales from competitors;

    (k) The proper formula for calculating damages and restitution owed to Plaintiffs;

    (l) The proper formula for calculating Defendants' profits obtained by their false advertising;

    (m) Whether Defendants will, unless enjoined, continue the practices alleged

herein; and

(n) The terms and conditions of the injunction to be issued against Defendants.

38. The identities of the members of Plaintiff Class are ascertainable from available records maintained by Defendants, or maintained by Defendants' authorized retailers.

39. Plaintiff Tomberlin's claims are typical of the claims of Plaintiff Class because he was subjected to the same unlawful practices alleged herein common to Plaintiff Class. Defendants' common course of conduct has caused Plaintiff Tomberlin and the Plaintiff Class to sustain the same or substantially similar injuries and damages caused by the same practices of Defendants, and Plaintiff Tomberlin's claims are therefore representative of the claims of Plaintiff Class.

40. Plaintiff Tomberlin has no conflict of interest with any other members of Plaintiff Class. Plaintiff Tomberlin will vigorously prosecute this case on behalf of Plaintiff Class.

41. Counsel who represent Plaintiffs are competent and experienced in litigating complex actions pertaining to consumer practices, including prior consumer class actions involving the Lanham Act and California consumer protections. Plaintiffs and their counsel will fairly and adequately represent and protect the interests of the members of Plaintiff Class.

## VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**False Advertising**
**(Lanham Act)**
**Brought by Plaintiff Tomberlin on behalf of the Plaintiff Class**
**As to All Defendants**

42. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

43. The Lanham Act provides, "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading

description of fact, or false or misleading representation of fact, which— (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." *See*, 15 U.S.C. § 1125(a).

44. Defendants offered for sale to Plaintiffs its Joola Gen 3 line of pickleball paddles.

45. Defendants represented to Plaintiffs, through advertisements made, through its packaging for the paddles at issue, and through marks placed directly on the paddles themselves, that those pickleball paddles had been approved by USA Pickleball.

46. Those representations were false.

47. Defendants knew those representations were false at the time that they made them.

48. Plaintiffs actually relied on those representations, and were deceived by those representations, in making the decision to purchase those paddles.

49. Defendants advertised those paddles in interested commerce, distributed its paddles through interstate commerce, and sold its paddles through interstate commerce.

50. Plaintiffs have suffered actual damage as a result of those false and deceptive representations, equaling the sale price of the paddles purchased.

51. Defendants have been unjustly enriched as a result, in an amount equal to the profits obtained by diverting sales from competitors to themselves as a result of their false and deceptive representations to consumers.

52. Plaintiffs are therefore entitled to recover either their actual damages, or in the alternative, Defendants' profits obtained by diverting sales from competitors, their costs in this action, interest on amounts awarded. *See*, 15 U.S.C. § 1117(a). In addition, Plaintiffs seek an award of any additional amounts the Court finds to be just, and their reasonable attorneys' fees

(including any expert witness costs). *Id*.

## SECOND CAUSE OF ACTION
### Fraudulent Competition
(Cal. Bus. & Profs. Code § 17200 *et seq.*)
Brought by Plaintiff Tomberlin on behalf of the Plaintiff Class
As to All Defendants

53. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

54. California law prohibits unfair competition, which it defines to include "fraudulent" business acts or practices. *See*, Bus. & Profs. Code § 17200.

55. A fraudulent representation is one that is likely to deceive members of the public, where the named plaintiff actually relied on the representations made. *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 326.

56. Defendants offered for sale to Plaintiffs its Joola Gen 3 line of pickleball paddles.

57. Defendants represented to Plaintiffs, through advertisements made, through its packaging for the paddles at issue, and through marks placed directly on the paddles themselves, that those pickleball paddles had been approved by USA Pickleball.

58. Those representations were false.

59. Defendants knew those representations were false at the time that they made them.

60. Those representations were likely to deceive members of the general public.

61. Plaintiff Tomberlin actually relied on those representations, and was actually deceived by those representations, in making the decision to purchase a relevant paddle.

62. Plaintiffs have suffered actual damage as a result of those false and deceptive representations, equaling the sale price of the paddles purchased.

63. Defendants' representations were a substantial factor in causing Plaintiffs' actual damages.

64. Defendants have been unjustly enriched as a result, in an amount equal to the

profits obtained by diverting sales from competitors to themselves as a result of their false and deceptive representations to consumers.

65. Plaintiffs are entitled to restitution of all amounts paid for Defendants' products.

66. Plaintiffs are alternately entitled to restitutionary disgorgement of Defendants' ill-gotten profits resulting from its sale of the relevant paddles.

67. As a direct, proximate, and foreseeable result of Defendants' conduct as alleged above, Defendants have caused injury to Plaintiffs and to the public.

68. Plaintiffs and the public are entitled to relief, including public injunctive relief.

69. Defendants' conduct as alleged above is a serious and continuing threat to Plaintiffs and the public. If Defendants are allowed to continue those violations of California law, Plaintiffs and the public will suffer further immediate and irreparable injury, loss, and damage.

70. In the absence of a temporary restraining order and preliminary and permanent injunctions as prayed for below, Defendants will continue to engage in unfair business practices.

71. Unless Defendants are restrained by this Court, Plaintiffs and members of the general public will have no adequate remedy at law.

72. Accordingly, Plaintiffs are entitled to public injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction, each enjoining Defendants from further violations of California law as alleged.

73. Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's fees according to law.

### THIRD CAUSE OF ACTION
**Unfair, Deceptive, Untrue, and Misleading Advertising**
**(Cal. Bus. & Profs. Code § 17500 *et seq.*)**
**Brought by Plaintiff Tomberlin on behalf of the Plaintiff Class**
**As to All Defendants**

74. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

75. California law prohibits unfair competition, which it defines to include false or misleading advertising. *See*, Bus. & Profs. Code § 17200.

76. A false or misleading advertisement is one that is likely to deceive members of the public, where the named plaintiff actually relied on the representations made. *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 326.

77. Defendants offered for sale to Plaintiffs its Joola Gen 3 line of pickleball paddles.

78. Defendants represented to Plaintiffs, through advertisements made, through its packaging for the paddles at issue, and through marks placed directly on the paddles themselves, that those pickleball paddles had been approved by USA Pickleball.

79. Those representations were false.

80. Defendants knew those representations were false at the time that they made them.

81. Those representations were likely to deceive members of the general public.

82. Plaintiff Tomberlin actually relied on those representations, and was actually deceived by those representations, in making the decision to purchase a relevant paddle.

83. Plaintiffs have suffered actual damage as a result of those false and deceptive representations, equaling the sale price of the paddles purchased.

84. Defendants' representations were a substantial factor in causing Plaintiffs' actual damages.

85. Defendants have been unjustly enriched as a result, in an amount equal to the profits obtained by diverting sales from competitors to themselves as a result of their false and deceptive representations to consumers.

86. Plaintiffs are entitled to restitution of all amounts paid for Defendants' products.

87. Plaintiffs are alternately entitled to restitutionary disgorgement of Defendants' ill-gotten profits resulting from its sale of the relevant paddles.

88. As a direct, proximate, and foreseeable result of Defendants' conduct as alleged above, Defendants have caused injury to Plaintiffs and to the public.

89. Plaintiffs and the public are entitled to relief, including public injunctive relief.

90. Defendants' conduct as alleged above is a serious and continuing threat to Plaintiffs and the public. If Defendants are allowed to continue those violations of California law, Plaintiffs and the public will suffer further immediate and irreparable injury, loss, and damage.

91. In the absence of a temporary restraining order and preliminary and permanent injunctions as prayed for below, Defendants will continue to engage in unfair business practices.

92. Unless Defendants are restrained by this Court, Plaintiffs and members of the general public will have no adequate remedy at law.

93. Accordingly, Plaintiffs are entitled to public injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction, each enjoining Defendants from further violations of California law as alleged.

94. Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's fees according to law.

**FOURTH CAUSE OF ACTION**
**Injunctive Relief for Unfair or Deceptive Consumer Practices**
**(Cal. Civ. Code § 1750 *et seq*.)**
**Brought by Plaintiff Tomberlin on behalf of the Plaintiff Class**
**As to All Defendants**

95. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

96. California law prohibits unfair methods of competition and unfair or deceptive acts or practices that include: … (2) Misrepresenting the source, sponsorship, approval, or certification of goods or services. … (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have. … [and] (9) Advertising goods or services with intent not to sell them as advertised. *See*, Cal. Civ. Code § 1770(a).

97. Defendants have misrepresented the approval of goods, represented that goods

have sponsorship approval that they do not have, and advertised goods with an intent to not sell them as advertised.

98. Plaintiffs have suffered actual damages as a result of that conduct, equaling the sale price of the paddles purchased.

99. Defendants' representations were a substantial factor in causing Plaintiffs' actual damages.

100. As a direct, proximate, and foreseeable result of Defendants' conduct as alleged above, Defendants have caused injury to Plaintiffs and to the public.

101. Plaintiffs and the public are entitled to relief, including public injunctive relief.

102. Defendants' conduct as alleged above is a serious and continuing threat to Plaintiffs and the public. If Defendants are allowed to continue those violations of California law, Plaintiffs and the public will suffer further immediate and irreparable injury, loss, and damage.

103. In the absence of a temporary restraining order and preliminary and permanent injunctions as prayed for below, Defendants will continue to engage in unfair business practices.

104. Unless Defendants are restrained by this Court, Plaintiffs and members of the general public will have no adequate remedy at law.

105. Accordingly, Plaintiffs are entitled to public injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction, each enjoining Defendants from further violations of California law as alleged. *See*, Cal. Civ. Code § 1782(d).

106. Plaintiffs also seek recovery of interest, costs, and attorney's fees. *See*, Cal. Civ. Code § 1780(e).

**FIFTH CAUSE OF ACTION**
**Unlawful and Unfair Competition**
**(Cal. Bus. & Profs. Code § 17200 *et seq.*)**
**Brought by Plaintiff Tomberlin on behalf of the Plaintiff Class**
**As to All Defendants**

107. Plaintiffs incorporate by reference all preceding paragraphs as though fully set

forth herein.

108. California law prohibits unfair competition, which it defines to include "unlawful" business acts or practices. See, Bus. & Profs. Code § 17200.

109. California law also defines unfair competition to include "unfair" business practices, which includes those that "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." People v. Casa Blanca Convalescent Homes, Inc. (1984) 159 Cal. App. 3d 509, 530.

110. Defendants' violations of the Lanham Act, of other prongs of the UCL, and of the CLRA, as alleged, also constitute violations under both the "unlawful" and "unfair" prongs of the UCL.

111. Each violation of the Lanham Act, of other prongs of the UCL, and of the CLRA by Defendants as alleged herein constitutes a separate and distinct unlawful and unfair business practice in violation of California Business & Professions Code § 17200, et seq.

112. As a direct and proximate result of Defendants' prohibited unfair and unlawful business practices as alleged herein, Plaintiffs have been injured in an amount to be proved at trial.

113. Plaintiffs are entitled to restitution of all amounts which Defendants were obligated to provide to Plaintiffs and which, through the unfair and unlawful practices alleged herein, Defendants did not pay to Plaintiffs.

114. As a direct, proximate, and foreseeable result of Defendants' conduct as alleged above, Defendants have caused injury to Plaintiffs and to the public.

115. Plaintiffs and the public are entitled to relief, including public injunctive relief.

116. Defendants' conduct as alleged above is a serious and continuing threat to Plaintiffs and the public. If Defendants are allowed to continue those violations of California law, Plaintiffs and the public will suffer further immediate and irreparable injury, loss, and damage.

117. In the absence of a temporary restraining order and preliminary and permanent injunctions as prayed for below, Defendants will continue to engage in unfair business

practices.

118. Unless Defendants are restrained by this Court, Plaintiffs and members of the general public will have no adequate remedy at law.

119. Accordingly, Plaintiffs are entitled to public injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction, each enjoining Defendants from further violations of California law as alleged.

120. Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's fees according to law.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

1. That the Court certify this action as a class action on behalf of the Plaintiff Class;
2. That the Court designate Plaintiff Tomberlin as the representatives of the Plaintiff Class;
3. That the Court appoint Aiman-Smith & Marcy, PC as class counsel;
4. That this action and the Plaintiff Class be further designated, respectively, as a representative action and representative class under California Business & Professions Code § 17200, *et seq.*;
5. For public injunctive relief in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction, each enjoining Defendants from further violations of California law as alleged;
6. That Defendants be ordered to pay all amounts owed to the Plaintiffs arising out of the actions complained of herein, including actual damages, Defendants' profits, restitution, restitutionary disgorgement, and interest on amounts owed;
7. That Defendants, at their own expense, be ordered to provide notice to the Plaintiff Class of their claims;
8. That, in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action under California law, Defendants be ordered to pay for all necessary efforts to actually locate members of the class;

9. That Defendants be ordered to pay Plaintiffs' reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); California Civil Code section 1780(e); California Code of Civil Procedure section 1021.5; and the common law doctrines of common fund, substantial benefit, private attorneys general, and the catalyst theory;

10. That Defendants be ordered to pay Plaintiffs' reasonable costs of suit incurred; and

11. For such other legal and equitable relief as the Court may deem just and proper.

May 31, 2024

AIMAN-SMITH MARCY
A PROFESSIONAL CORPORATION

*Brent A. Robinson*
_____
Brent A. Robinson
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff Tomberlin, in his individual capacity, in his capacity as putative class representative, hereby demands a jury trial on all causes of action, claims, and issues with respect to which Plaintiffs have a right to jury trial.

May 31, 2024

AIMAN-SMITH MARCY
A PROFESSIONAL CORPORATION

*Brent A. Robinson*
_____
Brent A. Robinson
Attorneys for Plaintiffs